Filed 11/6/25  P. v. Bookout CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JACOB LEE BOOKOUT,<br><br>　　Defendant and Appellant. | F088454<br><br>(Super. Ct. No. BF194419A)<br><br><br>**OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*　　　Before Detjen, Acting P. J., Meehan, J. and DeSantos, J.

# INTRODUCTION

In April 2023, defendant Jacob L. Bookout, while traveling approximately 100 miles per hour and under the influence of alcohol and drugs, struck and injured a motorcyclist with his truck. A jury found defendant guilty of multiple counts related to driving under the influence of alcohol and/or drugs and causing injury, one count of reckless driving, and misdemeanor resisting or delaying a peace officer; the jury found true enhancement allegations for causing great bodily injury (GBI) to the victim.

The trial court imposed an aggregate sentence of five years. Defendant filed a notice of appeal, challenging the sentencing and requesting court-appointed counsel. Counsel was appointed to represent him on appeal, and counsel filed a *Wende*[1] brief. Defendant was afforded an opportunity to raise any issues on his own, but he has not done so. We have independently reviewed the entire record and, finding no arguable issues, affirm the judgment.

# BACKGROUND

Around 9:30 p.m. on April 1, 2023, motorcyclist Bryan C. was slowing to a stop at a stoplight at an intersection in Bakersfield. Defendant, coming from behind Bryan and heading in the same direction, smashed into Bryan with his truck moving at approximately 100 miles per hour. Upon the collision, Bryan's right leg was severed below the knee, and caused significant damage to his right hand. Bryan came to rest in the middle of a lane of traffic. Defendant's truck continued through the intersection into the opposing lanes of traffic, and then collided with a building, a fire hydrant and an electrical box before coming to a stop. Multiple bystanders witnessed the events, and bystanders provided aid to Bryan and assisted defendant in getting out of his truck.

Bryan was transported to Kern County Medical Center (KMC) where he underwent multiple surgeries, which resulted in further amputation of his right leg and

---

[1]     *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

several fingers on his right hand. At the scene, defendant denied the use of alcohol or drugs, but field sobriety tests were administered. Defendant refused a preliminary alcohol screening (PAS) test, and he was taken to KMC; a search warrant was issued for a blood draw. Defendant refused to submit to the blood draw, and he physically resisted the officers in performing the blood draw. After his blood was drawn, subsequent tests revealed a blood-alcohol level of 0.12 percent, and the blood test was positive for tetrahydrocannabinol (THC) (the psychoactive component in cannabis) and hydrocodone. At trial, expert testimony indicated the combination of alcohol and THC in defendant's body would have impaired his ability to safely drive his vehicle, and would have resulted in profound impairment. Crash data collected from defendant's vehicle showed it was traveling over 100 miles per hour in a 55-mile-per-hour zone just seconds before the collision with the motorcycle. An accident reconstruction expert testified defendant was at fault for the collision, and a primary factor in the collision was defendant's intoxication and traveling at an unsafe speed.

A jury found defendant guilty of driving under the influence of alcohol and causing GBI (count 1; Veh. Code, § 23153, subd. (a)); driving with a blood-alcohol level of 0.08 percent or more causing bodily injury (count 2; Veh. Code, § 23153, subd. (b)); driving under the influence of drugs/alcohol causing injury (count 3; Veh. Code, § 23153, subd. (g)); reckless driving causing injury (count 4; Veh. Code, § 23105, subd. (a)), and misdemeanor resisting or delaying a peace officer (count 6; Pen. Code, § 148, subd. (a)(1)).[2] As to counts 1 through 3, the jury found true an enhancement allegation that defendant had caused GBI within the meaning of Penal Code section 12022.7, subdivision (a).

---

[2] Count 5, hit and run causing injury while driving a vehicle in violation of Vehicle Code section 20001, subdivision (b)(2), was dismissed before trial.

With respect to aggravating factors pled pursuant to California Rules of Court, rule 4.421(a)(1), (a)(3) and (b)(2), a bifurcated court trial was held. Based on certified records, the trial court found beyond a reasonable doubt that defendant inflicted GBI in a manner demonstrating a high degree of callousness (Cal. Rules of Court, rule 4.421(a)(1)); the victim was particularly vulnerable because he was on a motorcycle and was hit from behind (Cal. Rules of Court, rule 4.421(a)(3)); and based on defendant's record of prior convictions, defendant's crimes were increasing in number and seriousness (Cal. Rules of Court, rule 4.421(b)(2)).

At sentencing, the trial court imposed the middle term of two years on count 2 under Vehicle Code section 23153, subdivision (b), plus an additional and consecutive term of three years for the GBI enhancement under Penal Code section 12022.7, subdivision (a). (Veh. Code, § 23554; Pen. Code, § 1170, subd. (h)(1).) On counts 1 and 3 (Veh. Code, § 23153, subds. (a), (g)), the court imposed the middle term of two years plus a consecutive term of three years for the GBI enhancement under Penal Code section 12022.7, subdivision (a). (Veh. Code, § 23554; Pen. Code, § 1170, subd. (h)(1).) On count 4, the trial court also imposed the middle term of two years. (Veh. Code, § 23105, subd. (a); Pen. Code, § 1170, subd. (h)(1).) The sentences on counts 1, 3 and 4 were stayed under Penal Code section 654. On count 6, defendant was sentenced to time served. (Pen. Code, § 148, subd. (a)(1).)

Fines and fees were imposed, defendant's driver's license was suspended for one year, and he was ordered to pay restitution to the victim in the amount of $55,514.88. Defendant was awarded credit in the amount of 68 actual days, 10 days of good conduct and work credit, for a total of 78 days of custody credit.

## DISCUSSION

The present *Wende* brief raises no arguable issues; it asks us to independently review the entire record. Following receipt of the *Wende* brief, this court notified defendant he had the right to file a letter with us stating any grounds on appeal that he

4.

wished us to consider. Defendant did not file a brief. On our own motion, we directed the record be augmented with a transcript of jury selection proceedings, which was filed.

Pursuant to *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Consistent with our Supreme Court's direction in *Kelly*, we have provided a brief description of the relevant facts and the procedural history of this case. We have summarized the crimes for which defendant was convicted, and the punishment imposed. (*Id.* at p. 110.)

We find no arguable appellate issues. The sentencing court imposed an authorized aggregate sentence of five years, consisting of the middle term of two years under Penal Code section 1170, subdivision (h)(1), plus a consecutive term of three years for the GBI enhancement under Penal Code section 12022.7, subdivision (a). Nothing in the record suggests the court may have abused its sentencing discretion.

**DISPOSITION**

The judgment is affirmed.